1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAIFUSIN CHIU,                          Case No.  2:25-cv-0155-DAD-JDP (PS)

12                  Plaintiff,

13        v.                                 ORDER; FINDINGS AND
                                             RECOMMENDATIONS
14   THE PRESIDENT OF U.S.,

15                  Defendant.

16

17          Plaintiff filed a complaint purporting to assert claims against the President of the United

18   States, together with an application to proceed *in forma pauperis*.  His complaint, however, fails

19   to state a claim, and I will recommend that it be dismissed.  I will grant plaintiff's application to

20   proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C.

21   §§ 1915(a)(1) and (2).

22                          **Screening and Pleading Requirements**

23          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

24   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

25   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

26   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

27   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

28   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

1

1   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

2   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

3   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

4   n.2 (9th Cir. 2006) (en banc) (citations omitted).

5       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

6   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

7   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

8   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

9   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

10  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

11  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

12

13      The complaint is largely incoherent and fails to assert any cause of action against either

14  defendant. *See generally* ECF No. 1. The complaint contains nonsensical sentences and provides

15  no allegations of alleged wrongdoing. For example, plaintiff writes, "A pink diamond creates as

16  small as rice as 0 and creates as big as sky and land and beyond and infinite bail, free, destroy,

17  and remove Father of God and Mother . . . ." *Id.* at 1.

18      The complaint fails to comport with Rule 8's requirement that it present a short and plain

19  statement of plaintiff's claims. Fed. R. Civ. P. 8(a). Plaintiff names "The President of

20  US/13M01095" as the defendant but asserts no discernable facts relating to him. Moreover,

21  plaintiff's allegations do not identify any actions taken by defendant that could support a claim

22  for relief. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff

23  must allege with at least some degree of particularity overt acts which defendants engaged in that

24  support the plaintiff's claim."). Plaintiff must allege with at least some degree of particularity

25  overt acts of defendants that support his claims. *Id.*

26      Plaintiff has filed several complaints within the last year that resemble in some manner the

27  instant complaint, and none have survived screening. *See Chiu v. Trump*, 2:22-cv-00764-KJM-

28  AC (PS) (E.D. Cal. May 11, 2022) (complaint dismissed without leave to amend and with

1   prejudice); *Chiu v. President of the United States*, 2:22-cv-00809-TLN-DB (PS) (E.D. Cal. Oct.

2   24, 2022) (complaint dismissed without leave to amend); *Chiu v. Extra Storage Space*, 2:23-cv-

3   00099-KJM-AC (PS) (E.D. Cal. Jan. 23, 2023) (complaint dismissed without leave to amend);

4   *Chiu v. President of U.S.*, 2:23-cv-00098-KJM-JDP (PS) (E.D. Cal. July 11, 2023) (complaint

5   dismissed without leave to amend); *Chiu v. Bank of America*, 2:23-cv-01201-KJM-AC (PS) (E.D.

6   Cal. Aug. 28, 2023) (complaint dismissed without leave to amend); *Chiu v. President of U.S.*,

7   2:23-cv-00835-DJC-JDP (PS) (E.D. Cal. Jan. 16, 2024) (complaint dismissed without leave to

8   amend); *Chiu v. Bank of America*, 2:23-cv-01200-KJM-JDP (PS) (E.D. Cal. Feb. 5, 2024)

9   (complaint dismissed without leave to amend).

10        The operative complaint should be dismissed for failure to state a claim.  In light of the

11   complaint's allegations, I find that granting plaintiff an opportunity to amend would not cure the

12   complaint's deficiencies, and so I recommend that dismissal be without leave to amend.  *See*

13   *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro

14   se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

15   the complaint could not be cured by amendment.") (internal quotation marks and citations

16   omitted).

17        Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*

18   *pauperis*, ECF No. 2, is granted.

19        Furthermore, it is hereby RECOMMENDED that:

20        1.  Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

21        2.  The Clerk of Court be directed to close this matter.

22        These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27   objections shall be served and filed within fourteen days after service of the objections.  The

28   parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4